OPINION
Charles L. Wallace was indicted by a Franklin County grand jury in September 1999, charged with one count each of felonious assault and endangering children. The charges arose as a result of allegations that on November 10, 1998, Mr. Wallace shook a seven-month-old child so severely that the child sustained bilateral retinal hemorrhages and possible brain damage.
On May 1, 2000, Mr. Wallace entered a guilty plea to a single count of felonious assault, in violation of R.C. 2903.11, a second-degree felony. A nolle prosequi was entered as to the remaining count. The trial judge ordered preparation of a presentence investigation report and scheduled the matter for sentencing.
A sentencing hearing was conducted on June 30, 2000. Neither defense counsel nor the prosecution recommended a sentence. The trial judge ultimately sentenced Mr. Wallace to a term of incarceration of eight years, the maximum sentence allowed pursuant to statute.
Charles L. Wallace (hereinafter "appellant") has timely appealed, assigning a single error for our consideration:
 The trial court erred by imposing the maximum allowable sentence without specifically finding the factors set forth in R.C. 2929.14(C).
Appellant contends that the trial court abused its discretion in imposing the maximum penalty without complying with statutory sentencing mandates.
Pursuant to R.C. 2929.14(A)(2), in sentencing offenders for felonies of the second degree, a trial court has the discretion to impose a prison term of no less than two years and no more than eight years. However, in imposing the maximum sentence, the trial court must first make certain findings in compliance with R.C. 2929.14(C), which provides, in pertinent part:
 * * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, * * * and upon certain repeat offenders. [Emphasis added.]
As appellant observes, in making a determination that an offender "committed the worst form of the offense" and/or "pose[s] the greatest likelihood of committing future crimes," the trial court must engage in an analysis which includes consideration of certain enumerated factors set forth in several divisions of R.C. 2929.12.
R.C. 2929.12(B) sets forth factors which might indicate that the offender's conduct is "more serious than conduct normally constituting the offense." In toto, those factors are:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
Division (D) sets forth recidivism factors indicative of those offenders "who pose the greatest likelihood of committing future crimes," as follows:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing * * * or under post-release control * * * for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense.
Turning again to the record before us, we look to discern whether the trial court did sufficiently comply with R.C. 2929.12 et seq.
In its judgment entry journalizing appellant's conviction and sentence, the trial court included the following language, in pertinent part:
 The Court has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the facts [sic] set forth in R.C. 2929.12. In addition, the Court has weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14. * * *
 The court hereby imposes the following sentence: Eight years at the Ohio Department of Rehabilitation and Correction
 After imposing sentence[,] the Court gave its finding[s] and stated on the record its reasons for imposing this sentence as required by R.C. 2929.19(B) * * *. [Emphasis added.]
In accord with the language of the entry, the record reveals the judge's lengthy and detailed "findings" and "reasons" upon which he based his imposition of the maximum sentence:
 THE COURT: Well, it's hard imagine a worst type [sic] of a crime.
[APPELLANT]: * * * I have a real temper * * *, I know that.
THE COURT: So you take it out on an infant.
 [APPELLANT]: No, I don't take it out on a child. I just I was under my medication * * *. He gave me some strong medication, and it it was like the first day to take it, and it made me really high and stuff. It made me lose my mind, and it just happened.
 THE COURT: Well, I can sympathize with the mental problems and so forth, but my number one concern at this point is safety of innocent people, so I am going to impose the maximum sentence of eight years. * * *
 For the record, I wanted to be a little more specific why I imposed the maximum sentence. Number one is the seriousness of the injuries, the age of the victim. Number two, the age of the victim. Number three, two prior convictions for domestic violence, and so it appears to me that the defendant will commit more serious crimes on young people if he's not incarcerated, and that's why I'm imposing the maximum sentence. [Tr. 17-19.]
While certainly not exhaustively detailed, the judge's remarks demonstrate his consideration of the facts underlying his conclusion that appellant committed the "worst form" of felonious assault and was likely to reoffend in the future. Accordingly, we cannot say that the trial judge abused its discretion in its analysis of the statutory requirements of R.C. 2929.12 et seq.
The assignment of error is overruled.
Having overruled the assignment of error, the judgment of the trial court is affirmed.
PETREE and BROWN, JJ., concur.